261 P.2d 371

**STUART et al. v. CASTRO.**
No. 5737.

Supreme Court of Arizona.
Oct. 5, 1953.

Carl Tenney and James A. Yankee, Phoenix, for appellants.

McKesson & Renaud, J. Gordon Cook, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from a judgment that plaintiffs take nothing, entered at the close of plaintiffs' case, and from an order denying their motion for new trial. This suit for damages was tried to the court sitting without a jury. The parties are before us in the same order as they were in the lower court, hence we shall herein refer to appellants and appellee as plaintiffs and defendant, respectively.

The complaint alleges that due to the reckless and negligent manner in which the

defendant drove his automobile into, among, and upon a herd of cattle that six head of dairy cattle belonging to the plaintiffs were killed or maimed, to their damage in the total sum of $1,150. The original complaint alleged general acts of negligence, but in response to an order for a more definite statement, plaintiffs alleged, inter alia, that defendant

"* * * was driving at a speed greater than would allow him to stop within the illumination of his headlights and was overdriving his headlights; and/or in the alternative: defendant was driving his automobile without keeping a proper lookout ahead and was not vigilant in seeing objects upon the highway; * * *."

Defendant at the close of plaintiffs' case moved

"* * * for judgment on the ground that the plaintiff has wholly and totally failed to prove any act of negligence as far as the defendant is concerned. He not only has failed to prove any general acts of negligence, he has failed to prove any of the specific acts of negligence which he has pleaded and which it is incumbent on him to prove. * * *"

Defendant's motion was in effect a motion under Rule 41(b), Rules, Civil Procedure, Section 21–916, A.C.A.1939, for dismissal of the complaint and judgment thereon on the ground that upon the facts and the law the plaintiffs had shown no right to relief.

The court by its judgment obviously considered the motion well taken. Plaintiffs by appropriate assignments of error take issue with the court's conclusion, for the reason "that negligence was clearly and substantially proven by showing appellee (defendant) failed to see these cattle until immediately before striking them."

In order to determine the appeal we have carefully examined the evidence adduced at the trial. The evidence is singularly free from conflict. Only six witnesses testified. They were: the two plaintiffs; Frank Owen, a nearby farmer-dairyman who heard the crash and immediately investigated; Highway Patrolman Shephard; Supervisor of Safety Wilkerson of the state highway department; and William Feldmeier from the board of supervisors' office, Maricopa County. The defendant had not been subpoenaed as a witness and and was not present to respond to a call by plaintiffs' counsel for cross-examination under the statute, as an adverse party, nor had his deposition previously been taken.

The undisputed facts are these: Plaintiffs Ross Stuart and his brother, W. R. Stuart, are farmers who live in the same area on lower Buckeye Road, a few miles south and west of Phoenix. They are also engaged in dairying, each owning certain of the Holstein dairy cattle involved in this suit. On December 31, 1951, some 71 head

of their cattle were corralled for the night at Lateral 19, at a point one-quarter of a mile south of lower Buckeye Road. The corral consisted of a good four-strand barbed wire fence, with cedar posts fifteen feet apart and with some stays between. At some time during the night all the cattle broke out of the corral, presumably due to fright caused by "a lot of shooting around there celebrating New Years" by the occupants of a nearby subdivision. Forty-five or fifty head of these loose cattle strayed one and three-eighths miles up onto Buckeye Road to a point some four hundred yards west of Lateral 18. Buckeye Road at that point is a main thoroughfare, being U. S. Highway 80. Plaintiffs had no knowledge until 7 a. m. on New Year's day that their cattle had broken out of the corral where they had been penned for the night.

At approximately 5:30 a. m. on the morning of January 1, 1952, the defendant, Angel V. Castro, was driving a 1949 Mercury automobile west on Buckeye Road. Riding in the car with him were six other young Spanish-Americans, five girls and one boy. The car was traveling at a speed, so he told the partolman, of 50 miles per hour when it plowed into this herd of dairy cattle that was completely blocking the highway. Four animals belonging to plaintiffs were killed outright, one was so injured that she died a short time later, another maimed animal had to be sold at a sacrafice, and several other head showed evidence of being bruised. The defendant admitted to the officer who arrived on the scene some ten minutes after the accident occurred that he "did not see the cattle until he was right on top of them", that they "seemed to come from the side out of nowhere". From the physical facts on the ground it appeared that the car travelled approximately two car-lengths from the point of first impact. The defendant stated his brakes were in good order, but the only skid marks were beneath and immediately behind the car. The car was upright in the center of the right lane, facing west, but turned a little to the north side of the road.

The road at this point was level and straight with pavement 24 feet in width and a 10-foot shoulder. The accident occurred just before daybreak and the pavement was dry. The road was fenced on both sides, and there were no openings short of the entrance to Mr. Owen's home some 75 yards west of the scene. These dairy cattle were accustomed to automobiles, and would stand still while a car went by; in fact—according to the owners, "They pay no attention to it".

According to Mr. Owen the cattle were moving west, they were not stampeding, and immediately after the accident there were cattle on both sides of the car as well as in front and behind—they were "just standing around". This presents the only conflict in the entire record, as the statement of defendant to the patrolman was to

the effect that the "cows were running in an easterly direction".

The yardstick to be applied when a defendant, at the close of plaintiff's case, moves for a dismissal and judgment under Rule 41(b), supra, where the court is sitting without a jury, is that the court may then weigh the evidence on the merits, and it need not completely disregard conflicting evidence or view evidence in a light most favorable to plaintiff. Chadwick v. Larsen, 75 Ariz. 207, 254 P.2d 1020. In other words, if, upon the whole case as it then stands, a reasonable mind may infer the facts to be such that under the applicable law the plaintiff is entitled to no relief, then the trial court as trier of fact may properly infer such state of fact and grant the motion to dismiss. If, on the other hand, the only reasonable inference or inferences which may be drawn at this point are of facts which under the applicable law entitle the plaintiff to relief, the trial court is in error in drawing contrary inferences of fact and granting the motion to dismiss.

The record establishes that this immediate area is "open range", i. e., it is not included in a "no fence district". Therefore it was not in violation of any statute for these cattle to be loose. The following excerpt from 60 C.J.S., Motor Vehicles, § 409, Animals Straying on Highway, correctly states the law:

"* * * an animal which is astray on a highway without negligence on the part of the owner is not an outlaw or trespasser with relation to the operation of a motor vehicle on the highway, and the operator owes the duty of due care to avoid injury to the animal, and may be liable for negligence which is the proximate cause of the injury. * * *"

Under the facts presented certainly the owners are absolved of knowingly permitting their animals to run at large. The defendant cannot invoke the rule of unavoidable accident, which applies in cases where an animal suddenly darts in front of an automobile travelling at a reasonable rate of speed on a highway and is struck before the driver can avoid the accident. See 60 C.J.S., Motor Vehicles, § 409, and Holmes v. Lindsey, La.App., 15 So.2d 89. The sluggish movement of a herd of dairy cattle is a matter of common knowledge.

In the case of Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325, 334, we collated and analyzed the authorities on the rule of "drive within the radius of your lights" and adopted the test as being what the ordinary prudent person would have done, in these words:

"We now hold that the driver of an automobile at night is not required under all circumstances to see any object in the road in front of him which comes within the radius of his lights and be able under all circumstances to stop his car before striking the object.

The driver of an automobile at night is guilty of negligence if he collides with an object which he has failed to see and which an ordinarily prudent driver under like circumstances would have seen. * * * "

Applying these principles to the facts of the instant case the conclusion is inescapable that an ordinary prudent driver under like circumstances would have seen this herd of cattle blocking the highway in ample time to have brought his car to a stop before striking them. This conclusion necessarily embraces plaintiffs' second allegation, i. e., "that defendant was driving his automobile without keeping a proper lookout ahead and was not vigilant in seeing objects upon the highway."

We have set out in clear detail the material facts proved up to the time the motion to dismiss was made. We have set out the law applicable thereto, and we conclude that the only reasonable inference to be drawn therefrom is that the defendant was negligent under these circumstances, and that such negligence was the proximate cause of the loss sustained by plaintiffs. We hold that the contrary finding by the trial court had no reasonable basis in fact, and therefore under Rule 41(b), supra, it was error to grant the motion to dismiss.

Judgment reversed, with directions to grant a new trial.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.