522 P.2d 1096

Thomas A. **JENSEN**, Appellant,

v.

**MARICOPA COUNTY**, a political subdivision of the State of Arizona,
Appellee.

No. 1 CA–CIV 2486.

Court of Appeals of Arizona,
Division 1.

June 11, 1974.

Rehearing Denied July 17, 1974.

Review Denied Oct. 1, 1974.

Richmond, Ajamie, Fay & Warner by Bruce F. Demaree, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by Daniel Cracchiolo, Phoenix, for appellee.

## OPINION

HOWARD, Judge.

The issue to be resolved in this case is whether Arizona's "open range" rule exonerated the County from warning of the possible presence of cattle on its highway. The issue was decided below in favor of the County on a motion for summary judgment.

On May 25, 1971 at approximately 9:30 p. m., appellant, riding a motorcycle, collided with a black steer approximately one-half mile west of the intersection of In-

dian School Road and 91st Avenue in Phoenix, Arizona. The affidavits and depositions in support of and in response to the motion for summary judgment revealed that at the time of the accident appellant was traveling at a speed of 40 to 45 mph; that he had on prior occasions traveled the same area in the daytime and nighttime; that appellant knew that cattle were confined in pens off the roadway and although he had actual knowledge of their presence in the area he had never seen any of them straying onto the roadway prior to the evening in question.

The record further discloses that the area in which the accident took place is not in a "no fence district" and is therefore open range.

The deposition of Wade McCassalin, a civil engineer with the Maricopa Highway Department, shows that in 1970 Mr. McCassalin undertook a study of Indian School Road between 83rd Avenue and Dysart, which is west of 91st Avenue, for the purpose of developing a speed zone change on Indian School Road. Mr. McCassalin's study resulted in the Board of Supervisors increasing speeds for this zone from 45 mph at night and 50 mph during the day to 60 mph for day and night. In the course of conducting the speed study, Mr. McCassalin compiled an accident history for Indian School between 83rd Avenue and Dysart. He specifically noted that there had been three accidents involving animals in a two-year period in that area. No sign warning of the possibility of cattle upon the highway in that area had been posted because Mr. McCassalin did not think it necessary.

In support of his opposition to the summary judgment motion, appellant submitted the affidavit of Judson S. Matthias, PhD., a professor of transportation engineering and highway design at Arizona State University. Dr. Matthias stated that based upon the factual situation the standard of care imposed by highway maintenance authorities in the traffic engineering profession in the interest of keeping public ways in a reasonably safe condition for public travel required that a sign warning of the possibility of cattle upon the highway be present on Indian School Road between 91st Avenue and 99th Avenue. He also opined that the presence of livestock after dark on a major county highway, having a posted speed limit of 60 mph constituted a condition unreasonably dangerous to motorists using the highway, in the absence of proper warning or lighting.

Also attached to appellant's response to the County's motion for summary judgment were pertinent provisions of the Manual on Uniform Traffic Control Devices, a document which has been adopted by the State Highway Commission pursuant to A.R.S. § 28–641 and which specified the required procedures for a state agency to install traffic control devices. The manual states that the application to be made of signs warning of "range cattle" are "sufficiently apparent as to require no detailed specifications."

It was the position of the County in the trial court, as on appeal, that A.R.S. § 24–502 insulates it from any liability to warn of the existence of cattle on the highway. We do not agree.

The duty of the County is to maintain its highways reasonably safe for travel. City of Phoenix v. Weedon, 71 Ariz. 259, 226 P.2d 157 (1950). The municipal duty to keep public ways reasonably safe for persons using them in the usual way ordinarily extends to such obstructions and hazards as actually impede a normal and reasonable use of such ways. 19 McQuillin, Municipal Corporations § 54.11, p. 31 (1967). We believe the facts of this case are analogous to the situation where a third person creates an obstruction upon a highway. In such cases the municipality can be liable for the obstruction caused by an abutting landowner when it has notice of the defect and fails to remove or warn of its existence. Id. at § 54.-43, p. 116. In order to charge the municipality with liability for such obstruction created by a third person, the municipality must have had actual notice of the

condition or notice of such facts and circumstances as would, by the exercise of reasonable diligence, have led a prudent person to such knowledge. Cf. City of Phoenix v. Clem, 28 Ariz. 315, 237 P. 168 (1925). In the case *sub judice* the County knew the area was open range and knew, through its agent McCassalin, that in a two-year period there had been three accidents involving animals in that area. One can legitimately infer from these circumstances that cattle were being allowed to roam on or near the highway.

 Appellee argues that since A.R.S. § 24–502 provides that an owner or occupant of land is not entitled to recover for damage resulting from the trespass of animals unless the land is enclosed within a lawful fence, it cannot be required to give warning of the existence of range cattle. In particular, it points to the case of Stuart v. Castro, 76 Ariz. 147, 261 P.2d 371 (1953). In Stuart v. Castro, supra, the plaintiff was the owner of dairy cattle which grazed adjacent to the highway. The defendant ran into a herd of cattle on the highway killing six of them. The trial court's granting of the defendant's motion to dismiss was reversed by our Supreme Court which held that because the area was open range the cattle had a right to be on the highway and the burden was on the defendant-driver to avoid hitting them. In other words, the court held that owners of cattle owed no duty to motorists to keep the cattle off the highway. However, the duty of an owner to the motorist and the duty of the County to the motorist are not co-extensive. The owner is absolved of liability by virtue of A.R.S. § 24–502. This statute, however, does not absolve the County. No one can seriously contend that the presence of darkly-colored cattle on the highway during the nighttime does not create a hazardous condition. A.R.S. § 24–502 does not make it less hazardous. In fact, Mr. McCassalin testified that the County does post signs warning of grazing cattle in areas where he thinks they are necessary.

We believe the record precluded the granting of appellee's motion for summary judgment.

Reversed and remanded for further proceedings consistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).