LARRY JAMES LEADERS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8527

April 29, 1976                    548 P.2d 1374

W. *Randall Mainor,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Larry James Leaders was convicted, by jury verdict, of second degree murder and sentenced to fifty (50) years in the Nevada State Prison. He has perfected this appeal contending the trial court erred in (1) not instructing the jury properly and (2) denying his motion for mistrial.

1.   In support of his first contention Leaders alleges he was entitled to have the jury instructed that the element of malice inherent in the crime of murder may be negated by a showing of voluntary intoxication, thus reducing his crime to either voluntary or involuntary manslaughter.[1] This is not, and has never

---

[1]Proposed instruction 19–G read in pertinent part:

"1.   Voluntary manslaughter, an intentional killing in which the law, recognizing human frailty, permits the defendant to establish the lack of malice either by

"a. . . .

been, the law in Nevada. See State v. Fisko, 58 Nev. 65, 77, 70 P.2d 1113, 1117 (1937), where this court said: "While the authorities are not all agreed, the great weight thereof in this country is to the effect that mere intoxication cannot reduce murder to manslaughter." Appellant has advanced no persuasive reason, and we perceive none, why we should now change this rule. The refusal to give the instruction was correct. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966). Cf. Stewart v. State, 92 Nev. 168, 547 P.2d 320 (1976).

2.   In support of his contention that a mistrial should have been granted, Leaders argues the display of what he alludes to as "a gory photograph" of the victim, which had not been admitted in evidence, prejudiced the jury. When the motion was made, the trial judge excused the jury, conducting a hearing and concluded the exhibition was inadvertent and, therefore, not for the purpose of inflaming the jurors. See State v. Holt, 47 Nev. 223, 241–242, 219 P. 557, 559–560 (1923). In our view, the record supports that determination; furthermore, the trial judge instructed the jury that they must disregard all evidence ruled to be inadmissible. Leaders' contention that a mistrial should have been granted must also be rejected because (1) he has failed to cite any relevant authority in support of the contention (see Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973)); and, (2) he has failed to designate and include the alleged "gory photograph" in the record. Cf. Lamoureux v. Sheriff, 85 Nev. 44, 449 P.2d 471 (1969).

Affirmed.

---

"b.   Showing that due to diminished capacity caused by mental illness, mental defect, or intoxication, the defendant did not attain the mental state constituting malice.

"2. . . .

"Thus, if you find the defendant killed while unconscious as a result of voluntary intoxication and was therefor unable to formulate a specific intent to kill or harbor malice, his killing is involuntary manslaughter."