STATE OF NEVADA, Appellant, v.
JOHN A. KALLIO, Respondent.

No. 8165

JOHN A. KALLIO, Cross–Appellant, v. STATE
OF NEVADA, Cross–Respondent.

No. 8078

December 21, 1976 557 P.2d 705

*Peter Chase Neumann,* Reno, for Respondent and Cross-Appellant.

*Robert List,* Attorney General, and *Norman C. Robison,* Deputy Attorney General, Carson City, for Appellant and Cross-Respondent.

## OPINION

*Per Curiam:*

A jury awarded John Kallio a $95,000 judgment against the State of Nevada for injuries caused by the State's failure to maintain its highway in a safe condition. On motion by the

State, the district court amended the judgment to $25,000 pursuant to NRS 41.035(1).[1] Here, the State contends (1) it cannot be held liable for Kallio's injuries, (2) the doctrine of collateral estoppel bars Kallio's action, and (3) the district court erred by admitting testimony based upon a fencing priority report prepared by the State. Kallio cross-appeals contending (1) the limitation on damages by NRS 41.035(1) violates his right to equal protection, and (2) the State waived the right to claim any limitation on damages by its purchase of liability insurance. These contentions are meritless.

 ██

1. The State first contends it cannot be liable for Kallio's injuries. However, the State has a duty to exercise due care to keep its highways reasonably safe for the traveling public. State v. Webster, 88 Nev. 690, 504 P.2d 1316 (1972). Inherent in this duty of care is the alternative duty to either remedy a known hazardous condition on its highways or give appropriate warning of its presence. See: Hampton v. State Highway Commission, 498 P.2d 236 (Kan. 1972); Smith v. State, 473 P.2d 937 (Idaho 1970); Meabon v. State, 463 P.2d 789 (Wash. App. 1970).

Here, Kallio sustained serious injuries when the vehicle in which he was a passenger collided with an unbranded horse on U.S. Highway 95, approximately 4.5 miles north of Winnemucca, Nevada. The record discloses that, prior to Kallio's accident, the State and Bureau of Land Management (BLM) erected a range control fence running parallel to and along one side of this highway. This fence blocked a natural game crossing for wild horses and caused them to congregate on the highway. Numerous reported vehicle-animal collisions had occurred in this vicinity, thereby giving the State actual or constructive notice of the highway's hazardous condition. The State took no action to remedy the situation or warn unwary motorists of the dangerous condition. Under these particular circumstances, the jury was justified in finding the State liable. Jensen v. Maricopa County, 522 P.2d 1096 (Ariz.App. 1974).

 ██

2. Concurrent with filing suit against the State, Kallio also

---

[1] NRS 41.035(1) provides:

"1. No award for damages in an action sounding in tort brought under NRS 41.031 may exceed the sum of $25,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. No such award may include any amount as exemplary or punitive damages."

brought a separate action in federal district court against the United States for the BLM's alleged negligence in participating in the installation of the range control fence. The federal district court ruled the BLM owed no duty of care to Kallio and no act or neglect of the BLM proximately caused Kallio's injuries. See: Kallio v. United States, Civil No. R-2554 (D. Nev., filed Dec. 6, 1972). The State argues this case precludes Kallio's action against the State pursuant to the doctrine of collateral estoppel. However, that doctrine serves only to prohibit parties or their privies from re-litigating issues actually litigated and necessarily determined in the previous lawsuit. Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964). Here, the question of the State's liability was not even at issue in the federal case and thus neither actually litigated nor necessarily determined in that action.

3. The State next contends the district court erred by permitting Kallio to question the state engineer about a fencing priority report prepared by the State. The State made no specific objection to this questioning at trial, but merely stated, "Object for the record, your Honor." Specific grounds for objection must be stated at the time an objection is made, and we will not reverse a ruling admitting evidence on grounds raised for the first time on appeal. See: NRS 47.040(1)(a).

At oral argument, the State alluded to a motion in limine involving the fencing report. However, the State failed to designate and include this motion in the record, and, thus, we will not consider it. See: Leaders v. State, 92 Nev. 250, 548 P.2d 1374 (1976); Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969).

4. In his cross-appeal, Kallio argues the $25,000 limitation on damages set by NRS 41.035(1) violates his right to equal protection. We have specifically held otherwise. State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970).

5. Finally, Kallio contends the State waived the right to claim any limitation on damages by purchasing liability insurance coverage in excess of the $25,000 statutory limit. However, even assuming the State did purchase excess coverage, this does not constitute a waiver of the statutory limit. State v. Silva, cited above.

Affirmed.