DANNY LEE BURKS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8815

December 21, 1976          557 P.2d 711

*Kelly H. Swanson,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant Danny Lee Burks was tried on charges of attempted robbery and battery with intent to kill. The jury acquitted Burks on the battery with intent to kill charge but convicted him of attempted robbery and he was sentenced to a seven (7) year term in the Nevada State Prison. This appeal has been taken from the judgment of conviction.

Burks contends (1) that there was insufficient evidence produced at trial to support his conviction; (2) that the jury returned inconsistent verdicts which should nullify his conviction of attempted robbery; (3) that the trial court erred in admitting into evidence a photograph of his alleged accomplice; and, (4) in refusing to give a proposed instruction to the jury.

1. Burks' contention that there was insufficient evidence produced at the trial to support the jury's verdict is patently frivolous. A mere glance at the record indicates that there is substantial evidence to support it. Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969); State v. Fitch, 65 Nev. 668, 200 P.2d 991 (1948).

2. Next Burks claims that acquittal on the charge of battery with intent to kill necessitates an acquittal on the charge of

attempted robbery. We disagree. There is no inconsistency in the jury finding Burks guilty of attempted robbery and not guilty of battery with intent to kill. When a defendant is charged with committing two criminal offenses that involve different elements, a jury may find him guilty of one crime and not guilty of the other. State v. Amerson, 518 S.W.2d 29 (Mo. 1975). The elements of robbery set forth in NRS 200.380[1] are different from the elements of battery with an intent to kill. NRS 200.400.[2] These two sections define two separate crimes. Different acts were required to complete each of the crimes.[3]

---

[1]NRS 200.380: "1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

"2. Every person who shall commit robbery shall be punished by imprisonment in the state prison for not less than 1 year nor more than 15 years."

[2]NRS 200.400: "1. As used in this section:

"(a) 'Assault' means an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.

"(b) 'Battery' means any willful and unlawful use of force or violence upon the person of another.

"2. Any person convicted of assault for an offer or threat to kill, commit rape, the infamous crime against nature, mayhem, robbery or grand larceny shall be punished for a gross misdemeanor.

"3. Any person convicted of battery with intent to kill, commit rape, the infamous crime against nature, mayhem, robbery or grand larceny shall be punished by imprisonment in the state prison for not less than 2 years nor more than 10 years, except that if a battery with intent to commit rape is committed, and if such crime results in substantial bodily harm to the victim, the person convicted shall be punished by imprisonment in the state prison for life, with or without the possibility of parole, as determined by the verdict of the jury, or the judgment of the court if there is no jury.

"4. If the penalty is fixed at life imprisonment with the possibility of parole, eligibility for parole begins when a minimum of 10 years has been served."

[3]The United States Supreme Court in Dunn v. United States, 284 U.S. 390 (1932), held that consistent verdicts on separate counts are not required. In United States v. Greene, 497 F.2d 1068, 1086 (7th Cir. 1974), that Court commenting on the holding in Dunn said: "The true rationale for the rule permitting inconsistent verdicts in a single trial is that a jury may convict on some counts but not on others not because they are unconvinced of guilt, but because of compassion or compromise."

See State v. Freeman, 424 P.2d 261 (Kan. 1967). Compare, Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976).

3. Burks next argues that the admission into evidence of a photograph of his alleged accomplice constitutes reversible error because its probative value was greatly outweighed by its prejudicial nature. Other than reciting the general rule, which is codified in NRS 48.035(1), that relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, . . .," Burks has failed to cite any relevant authority to support his conclusion that reversible error was committed. See Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973). He has also failed to designate and include the challenged photograph in the record on appeal. Cf. Leaders v. State, 92 Nev. 250, 548 P.2d 1374 (1976); Lamoureaux v. Sheriff, 85 Nev. 44, 449 P.2d 471 (1969). For these reasons the contention must be rejected.

4. Although Burks concludes that the trial court committed error in refusing to give a proposed instruction, he has neither designated and included the proposed instruction in the record on appeal *(Leaders, supra; Lamoureaux, supra),* nor cited authority in support of this assertion *(Franklin, supra).* Therefore his final contention must also fail.

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.