ILENE PHIPPS AND KYLE PHIPPS, APPELLANTS, *v.* CITY OF McGILL, NEVADA; RUTH-McGILL WATER CO.; STATE OF NEVADA DEPARTMENT OF HIGHWAYS, RESPONDENTS.

No. 11350

April 30, 1981                              627 P.2d 401

*Manzonie & Massi,* Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, and *Norman C. Robison,* Deputy Attorney General, Carson City; *Thorndal, Gentner, Backus, Lyle & Maupin, Ltd.,* Las Vegas; and *Allison, Brunetti, MacKenzie & Taylor, Ltd.,* Carson City, for Respondents.

## OPINION

*Per Curiam:*[1]

The district court granted summary judgment as to respondents City of McGill and the Department of Transportation[2] of the State of Nevada on appellants' negligence claim and certified the judgment under NRCP 54(b). Appellants contend that questions of fact exist which preclude summary judgment.

The injuries of appellant Ilene Phipps occurred as the result of tripping on an alleged hazard in the road surface of Highway 93 in McGill, Nevada. All parties to this action admit that

---

[1]This opinion was originally issued on March 30, 1981, as an unpublished order dismissing appeal. At the request of respondent Department of Transportation we are publishing this order.

[2]Formerly the Department of Highways. 1979 Nev. Stats. ch. 683.

Highway 93 is a state highway, exclusively within the jurisdiction of the State of Nevada Department of Transportation. NRS 408.285. Summary judgment was therefore proper as to the City of McGill, as it had no duty with respect to the allegedly defective condition. LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972).

Summary judgment was also proper as to the Department of Transportation. The state is immune from suit for negligence with respect to dangerous conditions of which it does not have notice. *See* NRS 41.033; Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979). Nothing in the record before the district court on the motion for summary judgment indicated that the Department of Transportation had any knowledge of the alleged hazardous condition at the time of the accident. *See* State v. Kallio, 92 Nev. 665, 557 P.2d 705 (1976). Furthermore, appellants did not support their opposition to the motion for summary judgment with any affidavits or other material establishing that a hazardous condition existed at all. *See* NRCP 56(e). Accordingly, summary judgment in favor of the Department of Transportation was appropriate.

Respondent City of McGill has requested this court to award it attorney fees and costs on appeal against the appellants. NRAP 38. We do not feel such an award is appropriate in this case.

As this appeal is without merit, however, we order it dismissed.