739 P.2d 1349

**Barry S. WOLIANSKY,**
**Plaintiff/Appellee,**

v.

**T.A. MILLER and Albino Pugliani, d/b/a Galaxy Manufacturing Co., and d/b/a Galaxy Homes, Defendants/Appellants.**

**No. 2 CA–CV 87–0048.**

Court of Appeals of Arizona,
Division 2, Department A.

June 25, 1987.

John Wm. Johnson, Tucson, for plaintiff/appellee.

Kimble, Gothreau, Nelson & Cannon, P.C. by Carmine A. Brogna, Tucson, for defendants/appellants.

## OPINION

HOWARD, Presiding Judge.

This is the third time this case has been before us. In *Woliansky v. Miller,* 135 Ariz. 444, 661 P.2d 1145 (App.1983), we held that Woliansky, the assignee of the original vendee of a lot and townhouse, was entitled to specific performance of the realty contract or to damages in the event the vendor could not convey the property. In *Woliansky v. Miller,* 146 Ariz. 170, 704 P.2d 811 (App.1985), we held that the trial court erred in deciding that Woliansky could not be awarded equitable damages in addition to specific performance and remanded the case to the trial court for further proceedings.

After a hearing held pursuant to our mandate, the trial court awarded Woliansky $28,025 for deprivation of the use of the property and $3,581 for "[d]etriment to the property caused by the failure to preserve it properly in the agreed-upon condition, and expenses incurred in taking possession."

Appellants contend that the trial court erred in (1) considering "loss of use" since our mandate limited the equitable damages to injury to the property; (2) awarding damages for loss of use from February 23, 1984, to the date of the amended judgment, July 30, 1986, since these damages were due to appellee's own conduct; (3) failing to consider certain setoffs and expenses incurred by the appellants; and (4) failing to give appellants credit for $3,500 in "extras" which appellees received and did not pay for.

The first issue is easily resolved. We did not limit the equitable damages to any certain type.

The contract of sale named Title Security as the escrow agent and the company which was to insure the title to the property. After our first remand, the trial court ordered the sale to close on February 23, 1984. Title Security would not insure the title because of an outstanding judgment lien on the property. Instead of satisfying the judgment lien so that the closing could take place, appellants secured the cooperation of Stewart Title and Trust Company of Tucson which agreed to insure the property without showing the judgment. Appellee refused to change the escrow and accept Stewart Title as the title insurer and insisted upon adherence to the terms of the contract. As of the date of the judgment appealed from, July 30, 1986, the closing had not taken place. Appellants contend that, because of the appellee's refusal to accept Stewart Title as the title insurer, any damages for loss of use from February 23, 1984, to July 30, 1986, should have been deemed incurred solely through the fault of appellee, and that the trial court erred in awarding damages for that period. Appellants have not cited any authority for this contention. See Rule 13(a)(6), Rules of Civil Appellate Procedure, 17A A.R.S. Since we do not believe it is incumbent upon us to do the legal research to support appellants' argument, we will not consider it further.

We dispose of the issue involving the $3,500 in the same manner. After Woliansky purchased the property, he entered into a contract to sell it to Sheila Summers. Summers apparently ordered extras from the builder totaling $3,500, which were incorporated into the construction of the townhouse. However, Summers failed to qualify for a loan, and the contract be-

tween Woliansky and Summers was cancelled. Appellants have failed to set forth the legal theory upon which they claim Woliansky is responsible for the extras, nor do they give us the benefit of any legal authority in support of their position. We deem this issue to be of no merit.

■ There is merit to appellants' argument concerning setoffs. The law on this subject is set forth in Annot., 7 A.L.R.2d 1204 (1949) entitled "Specific performance: compensation or damages awarded purchaser for delay in conveyance of land." We cannot improve upon the language of the annotation:

"When specific performance is granted of a contract to convey real property, the court will enforce the equities of the parties in such manner as to put them as nearly as possible in the position they would have occupied had the conveyance been made when required by the contract. It will compensate the purchaser for any loss of the use of the property during the delay by awarding him the rental value of it, or the net rents and profits of it, for the period. It will compensate the vendor for any loss of the use of the purchase money during the delay by awarding him the appropriate interest for the proper period. To either party it will give credit for such expenditures in relation to the property, or otherwise occasioned by the delay, as should be borne by the other. But it will not allow a party to profit by his own wrong, and therefore will not award the party in default any balance of rental above interest or interest above rental as the case may be. Accordingly, where a purchaser seeks specific performance of a contract to sell realty, the vendor having defaulted and retained possession, he may elect to claim also the rental value, or rents and profits, of the property during the delay, as against which the vendor is entitled to set off interest on the unpaid purchase money, but not to recover any excess thereof." *Id.* at 1211–12.

A relatively modern case illustrative of the foregoing principle is the case of *Hughes v. Melby*, 139 Mont. 308, 362 P.2d 1014 (1961).

■ The theory behind the foregoing law is that the parties should be put in the same position as if they had both fully performed the contract. Therefore, appellee is entitled to the rental value less interest on the unpaid purchase money at the legal rate of interest.

■ Appellants have claimed as a setoff not only the interest on the unpaid principal, but also the interest they have had to pay on a construction loan. We do not believe that the appellants are entitled to set off any amounts of interest they paid on the construction loan because, had both parties fully performed, the construction loan would have been paid when the escrow was closed. To allow appellants to recover the interest on the construction loan would allow them to profit by their own wrongdoing.

The award of equitable damages is affirmed, but the case is remanded to the trial court for determination of the amount of setoff against damages awarded to the appellee.

FERNANDEZ and LACAGNINA, JJ., concur.