788 P.2d 1201

**CARROW COMPANY,**
Plaintiff/Counterdefendant/Appellee,

v.

**Michael LUSBY and Kay A. Lusby, husband and wife**
Defendants/Counterclaimants/Appellants.

No. 2 CA–CV 88–0352.

Court of Appeals of Arizona,
Division 2, Department A.

June 13, 1989.

Review Granted Dec. 18, 1989.

Kimble, Gothreau & Nelson by Stephen Kimble, Tucson, for plaintiff/counterdefendant/appellee.

Juan Perez–Medrano and Daniel C. Gloria, Tucson, for defendants/counterclaimants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal follows a grant of summary judgment in favor of Carrow Company (appellee) arising from Michael and Kay Lusbys' (appellants) counterclaim for personal injuries resulting from a motorcycle accident.

Appellee is engaged in cattle ranching. Its cattle graze on open range territory in southern Pima County. On June 17, 1987, appellant Michael Lusby was driving his motorcycle on Arivaca Road in open range territory of southern Pima County. A Hereford heifer owned by appellee suddenly crossed in front of appellant, resulting in a collision at milepost 10 in which the heifer was killed and appellant suffered injuries. Appellee filed a complaint against appellants to recover the value of the heifer, and appellants counterclaimed for personal injuries alleging appellee's negligence.

Our standard of review for the granting of summary judgment requires that we "view the evidence in the light most favorable to the party opposing the motion and draw all inferences fairly arising from the evidence in favor of that opposing party." *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988).

Appellants argue that the trial court erred in not finding that A.R.S. § 24–502 was unconstitutional. They argue that the statute violates Ariz. Const., art. II, §§ 13 and 31, as well as art. XVIII, § 6, which provides a right of action to recover damages for injuries.

Appellants acknowledge they did not raise the constitutional arguments in the trial court. They urge that this issue be permitted to be raised for the first time on appeal because it involves an issue of a general public nature which affects the state at large. *Barrio v. San Manuel Div. Hosp. for Magma Copper Company*, 143 Ariz. 101, 692 P.2d 280 (1984); *Ruth v. Indus. Comm.*, 107 Ariz. 572, 490 P.2d 828 (1971). We agree to consider it on that basis.

Appellants argue that A.R.S. § 24–502 violates Arizona Constitution, art. II, § 31, and art. XVIII, § 6. Those sections provide:

Art. II, § 1. Damages for Death or Personal Injuries.

Section 31. No law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person.

Art. XVIII, § 6. Recovery for Damages for Injuries.

Section 6. The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.

A.R.S. § 24–502, the statute in question, reads as follows:

§ 24–502. Recovery for Damage to Unfenced Lands; Exception

An owner or occupant of land is not entitled to recover for damage resulting from the trespass of animals unless the land is enclosed within a lawful fence, but this section shall not apply to owners or occupants of land in no-fence districts.

Appellants contend that the statute abrogates the right of those such as appellants to bring an action when they have sustained injuries as a result of a collision with an animal on the highway. Arizona cases have held that if the area where an accident or collision occurs is open range and not included in a "no-fence district," livestock owners are not liable for resulting injuries. *Parrish v. Goff*, 131 Ariz. 307, 640 P.2d 869 (App.1981), see also *Stuart v. Castro*, 76 Ariz. 147, 261 P.2d 371 (1953), and *Jensen v. Maricopa County*, 22 Ariz. App. 27, 522 P.2d 1096 (1974). This court in *Parrish* found that the livestock owner had no duty to keep his cattle off the highway and was "absolved from liability by virtue of A.R.S. § 24–502." *Parrish v. Goff*, 131 Ariz. at 307, 640 P.2d at 869.

■ The threshhold question in our analysis is whether any cause of action existed in 1910 when our Constitution was adopted. Neither questioned constitutional provision applies to a cause of action which did not exist at the time of the adoption of our Constitution. *Rail N Ranch Corp. v. State*, 7 Ariz.App. 558, 441 P.2d 786 (1968), and see *Harrington v. Flanders*, 2 Ariz. App. 265, 407 P.2d 946 (1965) (jointly considered art. II, § 31 and art. XVIII, § 6, common law rights and remedies existing at the time of the adoption of the Constitution are preserved.)

Appellants argue that the statute was passed in 1913 by the state legislature to allow for the grazing of livestock upon "open range" without fear of lawsuit against the owner of such livestock for damage caused by any trespass which might occur. They further argue that they have a common law action for negligence.

*Barrio v. San Manuel, supra; Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984).

A review of the territorial code reveals the existence of the same statutory scheme being questioned in this case. The pertinent sections are reflected in the Revised Statutes of Arizona § 2652, § 2656 and § 2658 (1901). They parallel A.R.S. §§ 24–502, 24–341, 24–342, 24–344. Accordingly, we conclude that no cause of action existed at the time our Constitution was adopted and the two constitutional provisions in question are therefore inapplicable.

■ Appellants also assert that A.R.S. § 24–502 violates the equal protection guarantees of the Arizona Constitution, art. II, § 13. They argue that the statute gives special privileges to a particular group, livestock owners, without subjecting them to liability for damage and injury caused by animals running at large in open range areas. Appellants fail to cite authority in support of this contention. Therefore, we will not consider it further. See *Woliansky v. Miller*, 154 Ariz. 32, 739 P.2d 1349 (App.1987); *Mercantile Nat'l Life Ins. Co. v. Villalba*, 18 Ariz.App. 179, 501 P.2d 20 (1972).

Affirmed.