OPINION

Per Curiam:

FACTS

In February 1982, respondent Jack Pursel slipped and fell on ice that had formed on a City of Las Vegas (“the City”) sidewalk at the southwest corner of Third Street and Bridger Avenue. The portion of sidewalk on which Pursel fell was a wheelchair ramp inclining from the plane of the street to the plane of the sidewalk. In September 1982, Pursel filed a complaint against the City claiming, inter alia, negligence, and requesting damages for his injuries. Pursel alleged that water at the base of the ramp had splashed onto the ramp by passing cars and caused to freeze by the cold temperature of that particular February morning.
In May 1986, the district court heard Pursel’s case in a one-day bench trial. Evidence established, among other things, that water had pooled in a pothole or indentation of some sort in the street adjacent to the ramp and had splashed onto the ramp and frozen at some point prior to the time of Pursel’s fall. Moreover, evidence established that the City was not on actual notice of the dangerous conditions that proximately caused Pursel’s fall. At the conclusion of the trial, the district court issued an oral ruling from the bench, finding for Pursel and against the City. Despite the district court’s finding that the City was not on actual notice of any ice build up or other defective condition, the court concluded that “the City cannot keep its eyes closed and simply not be liable in the face of constructive notice,” and “the City cannot simply turn *1237 a blind eye and some how duck responsibility.” Other peculiar events transpired over the course of the next six years until the district court finalized the findings of fact, conclusions of law and judgment for Pursel in 1993;[1] these events, however, are not germane to this opinion.

DISCUSSION

The City now argues that, pursuant to NRS 41.033, the district court should have ruled against Pursel based on the district court’s factual finding that the City was not on actual notice of a defective condition at the location of Pursel’s fall. Moreover, the City challenges the sufficiency of the evidence to support the district court’s ruling.
The general waiver of state immunity provided by NRS 41.031 is subject to specific exceptions set forth in NRS 41.033:
No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:
1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect;
2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made.[2]
This court has interpreted the quoted statute to except from its purview defective conditions actually known to the cognizant governmental authority. See Lotter v. Clark Co. Bd. of Comm’rs, 106 Nev. 366, 368, 793 P.2d 1320, 1322 (1990); Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). The City argues, therefore, that because the district court found that the City was not on actual notice of the hazardous condition, the court should have held against Pursel as a matter of law.
Pursel counters that, although NRS 41.033 pertains to the failure to inspect or discover a hazard not created by the City, this is a case where the City created the hazardous condition. In other words, the construction of the ramp in question implicates an operational duty for which the City has not waived immunity. See Andolino v. State, 97 Nev. 53, 624 P.2d 7 (1981) (the state may be sued for operational acts but maintains immunity for policy decisions or discretionary acts); see also State v. Webster, 88 *1238 Nev. 690, 693, 504 P.2d 1316, 1319 (1972) (although the State had no duty to construct the freeway, once the decision to construct the freeway was made, the State was obligated to use due care to assure that the freeway was constructed so as to be reasonably safe for the traveling public).
In line with Webster, we conclude that the City does indeed have an operational duty to assure the reasonably safe construction of its public sidewalks, including the wheelchair ramp in question. We conclude further, however, that Pursel has failed to tender substantial evidence on the issue of the ramp’s construction. The record on appeal, in fact, is completely devoid of evidence pertaining to the construction of the ramp on which Pursel slipped and fell. The testimonial evidence of record establishes the general characteristics of the ramp, the manner in which cars would splash water onto the ramp as they rounded the corner and displaced water from the street, and the subsequent formation of ice on the ramp. However, the evidence proves nothing about the condition of the ramp and surrounding street at the time of construction, or whether conditions causing water to splash onto the ramp (the pothole adjacent to the ramp in particular), existed at that time. The answers to these unanswered questions form the basis of Pursel’s burden of proof, thus demonstrating that the hazard resulted from defective construction rather than the development of conditions occurring sometime subsequent to, and independent of, the construction of the street and ramp, concerning which the City was unaware and therefore immune under NRS 41.033.[3] In terms of foreseeability in particular, and negligence in general, evidence pertaining to conditions prevailing at the time of construction is therefore essential to a finding that the City failed to exercise reasonable care in the construction of the ramp, and such evidence is conspicuously absent from the record.
We have carefully considered all other issues raised on appeal, but in light of this disposition, they need not be addressed.

CONCLUSION

For the reasons discussed above, the judgment entered by the district court is reversed and vacated.[4]

 Judge Thompson was not the judge who presided over the bench trial, heard the evidence, and issued an oral ruling from the bench.

 The version of NRS 41.033 applicable to this cause of action was superseded by a revised version in 1993.

 See Phipps v. City of McGill, 97 Nev. 233, 627 P.2d 401 (1981) (the State is immune from suit for negligence with respect to dangerous conditions of which it does not have notice).

 The Honorable Robert E. Rose, Chief Justice, did not participate in the decision of this appeal.