# IN THE SUPREME COURT OF THE STATE OF NEVADA

LLOYD LINCOLN PITTS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77192

**FILED**

DEC 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of lewdness with a child under the age of fourteen.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Appellant Lloyd Pitts raises six contentions on appeal.

Pitts first argues that the district court erred by denying his *Batson*[2] challenges to the State's removal of the only two African-American women in the venire. The use of a peremptory challenge to strike a prospective juror based on race or gender violates the Equal Protection Clause of the United States Constitution. *Batson*, 476 U.S. at 86 (race); *J.E.B. v. Alabama*, 511 U.S. 127, 129 (1994) (gender). "An equal protection challenge to the exercise of a peremptory challenge is evaluated using the three-step analysis set forth by the United States Supreme Court in *Batson*." *J.E.B.*, 511 U.S. at 129. If "the district judge finds no unlawful discrimination occurred, we give great deference to the district court's finding and will only reverse if the district court clearly erred." *Williams v. State*, 134 Nev., Adv. Op. 83, 429 P.3d 301, 305 (2018).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986)



19-50570

Here, without a clear determination by the district court as to step one, we move to the second step of the inquiry. *See Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006) (recognizing the first step is moot when the district court skips it and goes straight to asking for the State's reason for the peremptory challenge). The State met its burden at the second step, offering race-neutral explanations for its challenges—the district attorney's office prosecuting the case against Pitts also recently prosecuted a case against one prospective juror's son, leading to the son's imprisonment, and the other juror had a family member who served jail time after being falsely accused of a sex crime. *See id.* at 403, 132 P.3d at 577-78 ("Where a discriminatory intent is not inherent in the State's explanation, the reason offered should be deemed neutral."). And we perceive no clear error in the district court's decision on the third step that Pitts failed to prove purposeful discrimination, particularly when no other prospective veniremember had a child recently prosecuted by the same district attorney's office as Pitts, where the State used half of its challenges to remove all prospective jurors who knew people falsely accused of sex crimes, and where other women and an African-American male remained on the jury. *See McCarty v. State*, 132 Nev. 218, 226-27, 371 P.3d 1002, 1007-08 (2016) (discussing relevant considerations in determining whether the defendant has proven purposeful discrimination under *Batson*'s third step). Further, Pitts' contention that the district court failed to consider all relevant circumstances lacks merit; the district court considered both Pitts' and the State's arguments and considered the information gathered from similarly situated veniremembers and whether they were also peremptorily challenged to determine if an equal protection violation occurred. *See McCarty*, 132 Nev. at 226-27, 371 P.3d at 1007-08; *see also Powers v. Ohio*,

Supreme Court
OF
Nevada

(O) 1947A

499 U.S. 400, 404 (1991) (concluding that there is no right to a jury composed in whole or part of persons of the defendant's race).

Pitts also argues for the first time on appeal that the Clark County District Attorney's Office has a history of discrimination that was relevant to his *Batson* challenges. We find no plain error in the district court not considering information not brought to its attention. *See Lamb v. State*, 127 Nev. 26, 40, 251 P.3d 700, 709 (2011) (reiterating that failing to specifically object below on the grounds urged on appeal precludes appellate consideration on those grounds, unless plain error is demonstrated); *see also McCarty*, 132 Nev. at 226, 371 P.3d at 1007 (stressing that although the final *Batson* step involves evaluating the persuasiveness of the State's proffered justification, the ultimate burden of persuasion regarding discriminatory motivation "rests with, and never shifts from, the opponent of the strike"). Accordingly, the district court did not err by denying the *Batson* challenges.

Second, Pitts argues that the State presented insufficient evidence to support his convictions. His convictions stem from the victim's testimony regarding two separate incidents: one where Pitts placed both his hands on her buttocks and moved his hands up and down and another where he touched her breasts. He argues the conviction for the first incident cannot stand because, as in *Shue v. State*, 133 Nev. 798, 407 P.3d 332 (2017), the State did not prove a sexual component. We disagree as two-handed buttock grabbing is distinguishable from the kiss in *Shue*. *Id.* at 340, 407 P.3d at 807-08. And the trial testimony regarding the circumstances surrounding the touching, as well as the sexualized nature of placing both hands on another's buttocks and rubbing, is sufficient for a lewdness conviction. *See* NRS 201.230 (defining the elements of lewdness); *see also Meador v. State*, 101 Nev. 765, 766-67, 711 P.2d 852, 853 (1985),

 

(recognizing that the defendant's sexual interests were obvious from the nature of the photographs he took focusing on young girls' leg, buttock, and crotch areas), *disapproved of on other grounds by Talancon v. State*, 102 Nev. 294, 721 P.2d 764 (1986); *State v. Discola*, 184 A.3d 1177, 1185, 1187 (Vt. 2018) (concluding that the unwanted grabbing of another's buttocks criminally offended community standards of decency, especially given that buttocks are "frequently sexualized in our society"). Accordingly, viewing the evidence presented at trial in the light most favorable to the State, sufficient evidence established guilt beyond a reasonable doubt as determined by a rational trier of fact.[3] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008); *see also Franks v. State*, 135 Nev., Adv. Op. 1, 432 P.3d 752, 757 (2019) (reiterating that "a lewdness victim's testimony need not be corroborated" to support a conviction).

As to the second incident, that the jury did not reach a verdict on the related sexual assault charge does not render the evidence supporting the lewdness charge insufficient, particularly as the crimes have different elements. *Compare* NRS 200.366 (requiring sexual penetration for sexual assault), *with* NRS 201.230 (no penetration required for lewdness); *see also Burks v. State*, 92 Nev. 670, 672-73 & n.3, 557 P.2d 711, 712 & n.3 (1976) (finding no error where a jury returned a guilty verdict on one crime but not the other when the offenses involved different elements). The victim testified that Pitts touched her breasts, which she previously

---

[3]Pitts' highlighting that the victim's rendition of events slightly changed over time does not change this conclusion. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness.").

relayed to her mother and to the grand jury. Thus, reversal is not warranted on this issue.

Third, Pitts argues that the district court abused its discretion by admitting opinion-of-guilt and vouching testimony from both the State's grooming expert and the victim's mother, as well as testimony referencing the potential penalties Pitts faced if convicted. We disagree. A witness may not vouch for the testimony of another. *Lickey v. State*, 108 Nev. 191, 196, 827 P.2d 824, 827 (1992). But, an expert can express his "opinion on the issue of whether the child had, in fact, been sexually assaulted or abused." *Townsend v. State*, 103 Nev. 113, 118, 734 P.2d 705, 708 (1987). Here, the grooming expert did not offer his opinion as to whether the victim was telling the truth about the assaults or as to Pitts' guilt. Rather, the expert opined that the victim's actions and inactions were consistent with having been groomed. That such evidence may be incidentally corroborative does not render it inadmissible, as most expert testimony tends to show whether another witness is credible. *Perez v. State*, 129 Nev. 850, 862, 313 P.3d 862, 870 (2013).

Further, we see no plain error warranting reversal based on testimony that the victim's mother apologized to the victim for "bringing a monster into the house," as this was not evidence of the mother's belief in Pitts' guilt or the victim's veracity, but rather an expression of comfort to her daughter upon learning of the alleged abuse. *See Collins v. State*, 133 Nev. 717, 725-26, 405 P.3d 657, 665 (2017) (explaining that a witness directly declaring their opinion or giving an actual conclusion of their belief in the defendant's guilt is impermissible, but that differs from testimony showing the witness took certain actions based on the facts they learned about the allegations); *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (reviewing unobjected-to errors for plain error). We also conclude

that the district court's ruling regarding the State asking the mother if the victim had a history of lying in school was not an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion). Pitts' objection and the court's ruling prevented the victim's mother from proffering inadmissible specific-instance testimony. *See* NRS 50.085(3) (providing that specific instances of a witness's conduct may not be proven by extrinsic evidence). Lastly, the grooming expert's testimony regarding his job duties was not improper testimony regarding penalties because it was given in the context of danger assessments for defendants in general and not Pitts specifically. And, any potential error was cured by the district court issuing both a curative instruction at the time of the alleged error and an instruction at the close of the case instructing the jury not to consider penalty or punishment during its deliberations. *See Hymon v. State*, 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005) (presuming the jury follows its instructions).

Fourth, Pitts contends that the State committed prosecutorial misconduct by eliciting improper opinion-of-guilt testimony, asking leading questions of multiple witnesses, making arguments that improperly shifted the burden to Pitts, and both mischaracterizing the evidence and disparaging defense counsel during closing arguments. As to the only alleged misconduct Pitts objected to below, the victim's mother testified that Pitts denied touching her daughter and said they were just playing a game. During closing, the State relayed this as the mother asking Pitts something to the effect of why he was "having sex or raping [her] daughter." As the terms "sex" and "rape" are markedly different from "touching," we conclude that this was an improper comment that both mischaracterized the evidence and potentially inflamed the jury. *See Valdez v. State*, 124 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

1172, 1188, 1191, 196 P.3d 465, 476, 478 (2008) (considering claims of prosecutorial misconduct by first determining whether there was improper conduct and concluding that the State's inaccurate description of an arrest was an improper attempt to inflame the jury). The State's exaggeration of the mother's testimony interjected unnecessary error into the record. But, because the State urged the jurors to consult their notes to determine what exactly was said, the district court advised the jurors to use their recollection of the testimony during deliberations, and the mother's full testimony was played back at the jury's request, this was harmless error. *See id.* at 1188-89, 196 P.3d at 476 (explaining that "this court will not reverse a conviction based on prosecutorial misconduct if it was harmless error" that did not substantially affect the jury's verdict); *see also Hymon,* 121 Nev. at 211, 111 P.3d at 1100 (presuming the jury follows its instructions).

Reviewing Pitts' other assignments of prosecutorial misconduct for plain error because he did not object below,[4] we conclude that these instances do not rise to the level of plain error. Pitts has not demonstrated that the conduct substantially affected the jury's verdict or "so infected the trial with unfairness as to make the resulting conviction[s] a denial of due process." *Valdez,* 124 Nev. at 1189, 196 P.3d at 477 (quoting *Darden v. Wainwright,* 477 U.S. 168, 181 (1986)).

Fifth, Pitts argues that the district court erred in settling jury instructions because the "no corroboration" instruction was improper.

---

[4]We recognize that Pitts objected to some of the State's questions below, but not to the ones he complains of on appeal. *See Lamb,* 127 Nev. at 40, 251 P.3d at 709 (failing to specifically object below to the grounds urged on appeal precludes appellate consideration, unless the defendant demonstrates plain error).

Specifically, Pitts argues that the instruction improperly highlighted and vouched for the testimony of one witness over another, invited the jury to violate its obligation to consider all the evidence, violated Nevada's prohibition against courts commenting on the facts of the case, caused unnecessary jury confusion, and improperly instructed the jury as opposed to being used for sufficiency arguments on appellate review. We have previously concluded that a "no corroboration" instruction like the one given in this case is proper and a correct statement of Nevada law; not confusing to juries as unnecessarily focusing the jury on the victim's testimony; and informative rather than an invitation for the jury to give a victim's testimony greater weight than the other evidence. *Gaxiola v. State*, 121 Nev. 638, 648-50, 119 P.3d 1225, 1232-33 (2005).[5] We further conclude that the instruction neither invited the jury to violate its obligation to consider other evidence nor involved the district court commenting on the facts of the case as the plain language of the instruction was devoid of case facts and reiterated the beyond-a-reasonable-doubt standard the jury was obligated to follow. *See* NRS 3.230 (prohibiting statements regarding factual matters by district judges); *Hymon*, 121 Nev. at 211, 111 P.3d at 1100 (presuming the jury follows its instructions). We decline to overrule *Gaxiola* and disagree with Pitts' assertion that a companion instruction on the weight of testimony must accompany the "no corroboration instruction." Nonetheless, the jury *was* otherwise instructed on its duty to consider all direct and circumstantial evidence and the State's burden to prove all

---

[5]The instruction in this case mirrors that given in *Gaxiola*: "[t]here is no requirement that the testimony of a victim of sexual offenses be corroborated, and her testimony standing alone, if believed beyond a reasonable doubt, is sufficient to sustain a verdict of guilty." 121 Nev. at 647, 119 P.3d at 1231.

elements beyond a reasonable doubt. We thus conclude that the district court did not abuse its discretion by providing a jury instruction that was an accurate statement of law. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (providing that the settling of jury instructions is reviewed for an abuse of discretion or judicial error).

Pitts' sixth contention that cumulative error warrants reversal fails as only one error was established. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[6]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, Sr. J.
Douglas

cc:  Chief Judge, The Eighth Judicial District Court
     Eighth Judicial District Court, Dept. 6
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[6]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.