ROBERT JAMES WILKIE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13518

May 6, 1982 644 P.2d 508

*Morgan D. Harris,* Public Defender, and *Robert D. Larsen,* Assistant Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Robert James Wilkie was convicted by a jury of second degree murder. His principal contention on appeal is that the conditions of his pretrial incarceration prevented him from using the law library, thereby violating his right to conduct his own defense. He also argues that the district court erroneously admitted evidence that he was under investigation for a separate homicide, and that the judge's demeanor at the close of the defense's case prejudiced him. Finding no error, we affirm the conviction.

### THE FACTS

The homicide victim, Charles L. Young, was found strangled with a necktie in his hotel room. Appellant was registered at the same hotel, the Union Plaza. The day following the homicide, appellant sold Young's watch to a pawnshop, using as identification two cards bearing Young's name. Appellant was arrested for the murder.

Appellant escaped from custody and was apprehended in California. After his return to Nevada, appellant moved to represent himself. The district judge advised appellant that his access to legal materials would be restricted, but granted the motion. The judge appointed the Public Defender's office as standby counsel. Later, the Public Defender's office withdrew and private counsel was appointed.

Appellant escaped two more times, and was placed in a maximum security cell, where he remained until trial. He was kept

in his cell twenty-three hours a day, and his commissary, telephone and visitation privileges were restricted. He was not permitted to use the law library, except for one two-hour visit. He complained to the district court on several occasions concerning the conditions of his incarceration. However, he refused to discuss the case with his appointed standby counsel.

Appellant went to trial and was convicted. This appeal followed.

## APPELLANT'S CONSTITUTIONAL CLAIM

Appellant's right to represent himself is guaranteed by the United States Constitution. Faretta v. California, 422 U.S. 806 (1975). This court has held that the right of self-representation includes a right of access to an adequate law library. Wolfe v. State, 95 Nev. 240, 591 P.2d 1155 (1979). *See also* Bounds v. Smith, 430 U.S. 817 (1977).

Appellant argues that his confinement in a maximum security cell, without access to a law library, violated his rights under *Faretta* and *Wolfe*. However, appellant's confinement was directly caused by his own behavior as an escapist and an admitted security risk. He does not argue that he was unreasonably confined, but contends that, because he was representing himself, special arrangements should have been made to permit him to use the law library. *Wolfe* and *Faretta* guarantee no such special privileges to defendants who represent themselves. *See* State v. Yanich, 516 P.2d 308 (Ariz. 1973); Ferrel v. Superior Court, 576 P.2d 93 (Cal. 1978). Moreover, appellant had two appointed standby attorneys, with whom he refused to discuss his defense. It is likely that, had he enlisted their aid, his standby attorneys could have provided him with legal materials. *Cf.* Hollis v. State, 95 Nev. 664, 601 P.2d 62 (1979) (provision of law books to defendant by standby counsel satisfies requirements of *Wolfe*). *See also,* People v. Rice, 579 P.2d 647 (Colo.App. 1978).

We conclude that confining appellant in a maximum security cell did not violate his constitutional rights.

## OTHER ASSIGNMENTS OF ERROR

Appellant also argues that the district court should have declared a mistrial after Detective Plasse of the Santa Monica Police Department referred in his testimony to a homicide

investigation in Santa Monica. Appellant contends that the reference raised the inference that he was suspected of the Santa Monica killing, and was prejudicial.

The state called Plasse as a witness and asked him to describe an interview he had with appellant in California, in which appellant made certain admissions. On cross-examination, appellant's counsel directed Plasse to read a portion of his written report, which was prepared after the interview. The report mentioned the Santa Monica homicide.

The district judge, who was able to observe the witness's testimony, concluded that the reference was an innocent, reasonable response to a direct question asked by appellant's counsel, and that it was not an effort to prejudice appellant's case. The judge therefore denied the motion for a mistrial. We perceive no abuse of discretion. *See* Leaders v. State, 92 Nev. 250, 548 P.2d 1374 (1976).

Finally, appellant claims he was prejudiced when the district judge, at the close of the defense case, asked the prosecuting attorney if he had any rebuttal, and then unfortunately laughed. Although a trial judge should avoid ill-timed laughter, we perceive no prejudice. The district judge immediately explained that he was only laughing at himself for asking the question since the defense had offered no witnesses, and instructed the jury not to draw any inferences from his laughter. *Cf.* Vinci v. United States, 159 F.2d 777 (D.C.Cir. 1946); People v. Franklin, 56 Cal.App.3d 18 (1976). Appellant did not object or move for a mistrial. Under the circumstances, we hold that reversal is not warranted.

The judgment of conviction is affirmed.