PER CURIAM.
This is an appeal by a prisoner from the summary denial of his motion for postconvietion relief pursuant to Rule 3.850. The state claims that it is filed untimely, more than two years from his conviction, but the appellant alleges that the facts on which it is based were unknown to him or his attorney and could not have been discovered by the exercise of due diligence. Steinhorst v. State, 636 So.2d 498 (Fla.1994). In all other respects the motion appears legally sufficient and would have required either the holding of an evidentiary hearing on its merits or the attachment of portions of the record conclusively refuting its allegations. We hold that the trial court was required to conduct an evidentiary hearing as to the timeliness of the motion.
The record tends to support appellant’s contention. He claims that the St. Lucie County jail withheld from him a pair of boxer shorts which he was wearing when arrested and which would provide key evidence in his case. At appellant’s trial in 1990 a sheriffs deputy claimed the appellant discarded them or sent them home with a relative. After his conviction, the appellant began requesting his property and records from the jail. *946 There are several letters to the Sheriff of St. Lucie County from the appellant requesting his property and the property sheet compiled by the jail. These requests went unanswered until June of 1994 when he received the property sheet showing that the jail had in fact had possession of the shorts throughout his trial.
We think that based on the showing made by appellant, the trial court was required to conduct an evidentiary hearing to determine whether the facts upon which appellant relies in his motion were not known to him and could not have been discovered earlier through the exercise of due diligence. Stein-horst.
We therefore reverse and remand for an evidentiary hearing. If the trial court determines that the standard of Steinhorst is met, then the trial court shall conduct an eviden-tiary hearing as to the merits of the motion or attach portions of the record conclusively refuting its allegations.
STONE, WARNER and STEVENSON, JJ., concur.