00-2527-pr
Jones v. Armstrong

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of March, two thousand ten.

Present:
>ROBERT A. KATZMANN,
>GERARD E. LYNCH,
>>*Circuit Judges*,
>DENNY CHIN,
>>*District Judge.*[*]

_____

MELVIN JONES,

>*Petitioner-Appellant*,


>>v.                                    No. 00-2527-pr

JOHN J. ARMSTRONG,

>*Respondent-Appellee*.

_____

For Plaintiff-Appellant:         SALLY WASSERMAN, New York, NY

_____

[*]   The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellee:  JO ANNE SULIK, Senior Assistant State's Attorney, Office of the Chief State's Attorney, Civil Litigation Bureau, Rocky Hill, CT

Appeal from the United States District Court for the District of Connecticut (Droney, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Melvin Jones is currently serving a life sentence following his conviction for capital murder and carrying a pistol without a permit. Jones challenged his conviction on direct review in state court and his conviction was affirmed by the Connecticut Appellate Court. The Connecticut Supreme Court declined to exercise its discretionary review. Jones now petitions for a writ of habeas corpus in federal court. We assume the parties' familiarity with the facts and procedural history of the case.

On appeal, the parties agree that Jones failed to exhaust his state court remedies with respect to five of the claims he now asserts because he did not present those claims to the Connecticut Supreme Court. The parties also agree that these five claims are procedurally defaulted because state court remedies are no longer available. The parties, however, disagree over whether Jones can demonstrate cause and prejudice for his procedural default or can show actual innocence such that we may review his constitutional claims. We conclude that he cannot.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations and quotation marks omitted). "[T]he existence of cause for a

-2-

procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him"). Examples of cause include a "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Murray*, 477 U.S. at 488 (internal citations and quotation marks omitted). Ineffective assistance of counsel in violation of the Sixth Amendment is also cause for procedural default. *Id*. at 488.

Jones procedurally defaulted by failing to raise his substantive constitutional claims to the Connecticut Supreme Court. He argues that he can establish cause on two bases. First, he contends that his own ineffectiveness in representing himself *pro se* establishes cause. Second, he asserts that the state's unconstitutional failure to provide him, pursuant to *Bounds v. Smith*, 430 U.S. 817 (1977), with adequate access to the courts and the assistance of counsel necessary to effectuate his *pro se* endeavors establishes cause. Neither basis succeeds.

Jones's own ineffectiveness while proceeding *pro se* does not constitute cause for his procedural default because it is not "something *external* to the petitioner, something that cannot be fairly attributed to him." *See Coleman*, 501 U.S. at 753. It is, in fact, precisely the opposite, a conclusion that many courts have reached. *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995). Moreover, Jones's attempts to analogize his case to one where counsel has provided ineffective assistance, and therefore cause is established, also

fail. The Supreme Court has held that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (internal quotation marks omitted). Further, Jones was not entitled to effective assistance of counsel in his petition for discretionary review, *see Ross v. Moffitt*, 417 U.S. 600, 610 (1974) ("We do not believe that the Due Process Clause requires North Carolina to provide respondent with counsel on his discretionary appeal to the State Supreme Court."), and a petitioner cannot demonstrate cause based on the ineffectiveness of his counsel where he was not entitled to effective assistance, *Coleman*, 501 U.S. at 752-53.

Likewise, Jones's assertion that he was not provided adequate access to the courts pursuant to *Bounds v. Smith* does not establish cause. In *Bounds v. Smith*, the Supreme Court held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. at 828. *Bounds* is grounded in the Court's *access* to the courts jurisprudence, however, and does not establish that "the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

Jones's *Bounds* claim fails on the merits. As an initial matter, Jones does not explain how the assistance that he was entitled to but did not receive resulted in his procedural default. Instead, he seems to rely on the fact that he defaulted to argue that he could not have received adequate assistance. This is not enough. "To establish a [*Bounds*] violation, [petitioner] must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his

-4-

efforts to pursue a legal claim." *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (internal quotation marks and alterations omitted). Jones has not demonstrated that he was not "furnish[ed] . . . with the capability of bringing his challenges before the courts." *See id.* at 98. The burden is on Jones to establish that the inadequacy of the legal resources made available to him made it impossible for him to access the courts to raise his claims. Yet despite lengthy post-conviction litigation in the state courts and the able assistance of counsel on this appeal, he has been unable to explain how any alleged insufficiency of those resources prevented him from presenting to the Connecticut Supreme Court the very arguments he had clearly articulated in his intermediate state appeal.

Moreover, the state satisfied Jones's right of access to the courts by appointing appellate counsel not just once but twice. Yet, Jones fired counsel on both occasions. "[T]he appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners . . . with access to the courts." *Id.* at 94. While in *Bourdon*, this Court "express[ed] no view as to whether the appointment of counsel could adequately protect the right of access to the courts of a defendant who has, in accordance with *Faretta*, exercised his Sixth Amendment right to waive counsel and conduct his own defense," *id.* at 94 n.9, Jones, who was represented by counsel at trial, challenges his right of access on appeal, where he had no Sixth Amendment right to represent himself, *see Martinez v. Court of Appeals of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000).

Jones also asserts that, despite his procedural default, he may raise his constitutional claims in federal court because he can demonstrate that he is actually innocent. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one

who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Such a claim may not be "based on trial evidence, [where] courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. 518, 538 (2006). Jones has not presented any new evidence that was not presented at his trial. Instead, he argues that the jury placed too much emphasis on the testimonial evidence and not enough emphasis on the physical evidence. This does not make out an actual innocence claim allowing this Court to disregard Jones's procedural default.

We have considered the remainder of Jones's arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK