NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1114n.06

No. 11-3369

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 29, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BRIAN DOLIBOA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| WARDEN U. S. PENITENTIARY | ) | |
| TERRE HAUTE, INDIANA; OHIO | ) | |
| DEPARTMENT OF REHABILITATION | ) | |
| AND CORRECTIONS; RICHARD | ) | |
| CORDRAY, Ohio Attorney General, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

BEFORE:    BOGGS and CLAY, Circuit Judges; and STAFFORD, District Judge.[*]

**STAFFORD, District Judge.**  Brian Doliboa appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  The district court determined that Doliboa procedurally defaulted his claims by failing to file a timely appeal to the Ohio Supreme Court. Doliboa admits that he failed to file a timely appeal to the state supreme court but maintains that his procedural default should be excused for cause.  We **AFFIRM** the district court's judgment.

I.

In 2007, a jury in Warren County, Ohio, found Doliboa guilty of (1) possession of cocaine, with an accompanying major drug offender specification, and (2) possession of marijuana.  The Ohio trial court sentenced Doliboa to a total of fifteen years in state prison, to be served consecutively to

_____

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

a federal sentence he was already serving at the United States Penitentiary in Terre Haute, Indiana. After he was sentenced in Ohio, Doliboa was returned to Indiana to complete his federal sentence.

The Ohio Court of Appeals affirmed the trial court's judgment on October 13, 2008. Doliboa did not file a timely appeal to the Ohio Supreme Court. On November 25, 2009, more than a year after the Ohio Court of Appeals affirmed the state trial court's judgment, Doliboa—through new counsel—filed a petition for writ of habeas corpus in federal district court. On April 19, 2010, almost five months after filing his federal habeas petition, Doliboa filed a motion in the Ohio Supreme Court for leave to file a delayed appeal. The Ohio Supreme Court denied the motion in a summary order.

In a report and recommendation dated December 14, 2010, a magistrate judge recommended that Doliboa's federal petition for writ of habeas corpus be denied. The magistrate judge determined that the Ohio Supreme Court's denial of Doliboa's motion for leave to file a delayed appeal constituted an adequate and independent state procedural ruling sufficient to bar federal habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. The magistrate judge rejected Doliboa's arguments that he demonstrated cause because he lacked the mental capacity, knowledge, or legal skills to file a timely appeal, he was unable to find and lacked the funds to hire an attorney, and he lacked access to Ohio legal materials when he was incarcerated in Indiana. The magistrate judge found neither cause for Doliboa's procedural default nor a showing of a fundamental miscarriage of justice, and he concluded that Doliboa had waived his claims for federal habeas relief. The district court adopted the magistrate judge's recommendation and denied Doliboa's habeas petition. This court granted a certificate of appealability on the issue of whether

Doliboa established cause for his procedural default based on his lack of access to Ohio legal materials while incarcerated in an out-of-state federal prison.

II.

Whether there is cause for Doliboa's procedural default is a question of law that is reviewed *de novo*. *Cvijetinovic v. Eberlin,* 617 F.3d 833, 836 (6th Cir. 2010).

In *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998), the Tenth Circuit considered the case of an inmate ("Miller") who filed an untimely federal habeas action challenging a Colorado conviction. Miller argued that his procedural default should be excused because he lacked access to federal statutes and Colorado case law while he was housed at a private Minnesota correctional facility. Noting that Miller "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims," the court found no cause to excuse Miller's procedural default. *Id.* at 978. In the words of the Tenth Circuit: "It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Id.; see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting, in an access-to-courts context, that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense . . . [but] must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); *Jones v. Armstrong*, 367 F. App'x 256, 258 (2d Cir. 2010) (noting that the burden is on an inmate seeking to establish cause for procedural default to show that the inadequacy of the prison's legal resources "made it impossible for him to access the courts to raise his claims").

Here, Doliboa has failed to provide specifics about what he did, if anything, to diligently pursue his claims before the Ohio Supreme Court. There is nothing in the record to suggest that Doliboa requested Ohio legal materials from the Ohio courts, from the prison officials in Indiana, from the inmate law clerks at the federal penitentiary, or from the Ohio lawyer who represented Doliboa both at trial and during his appeal to the Ohio Court of Appeals. There is also nothing in the record to suggest how the unavailability of Ohio legal materials prevented Doliboa from presenting to the Ohio Supreme Court the very arguments that his former counsel articulated—and supported with case law—in Doliboa's intermediate appeal to the Ohio Court of Appeals. *See Levy v. Ohio*, No. 1:06-CV-237, 2008 WL 339480, at *15 (N.D. Ohio Feb. 6, 2008) (finding petitioner's complaint that he lacked access to Ohio legal materials while in federal prison insufficient to show cause to excuse procedural default where, among other things, the underlying legal research supporting his claims had been done by counsel on intermediate state appeal); *Marr*, 141 F.3d at 978 (rejecting *pro se* petitioner's argument that lack of access to certain legal materials caused his default where petitioner had already presented his claims—through counsel—on direct appeal); *Armstrong*, 367 F. App'x at 258 (finding no cause to excuse procedural default where the inmate petitioner failed to explain how any alleged inadequacy of the legal resources made available to him in a Connecticut prison prevented him from presenting to the Connecticut Supreme Court arguments already presented in an intermediate state appeal).

Doliboa's reliance on *Phillips v. Mills*, No. 98-5061, 1999 WL 685925 (6th Cir. Aug. 25, 1999) is misplaced. In that case, the petitioner ("Phillips") was serving a sentence for armed robbery in Alabama when he was extradited to Tennessee to face state charges there. After Phillips pleaded guilty and was sentenced in Tennessee, he was returned to Alabama to finish his sentence in that

state. Soon after his return to Alabama, Phillips wrote to his Alabama prison counselor requesting Tennessee legal materials that were unavailable in the Alabama prison library. Not until he had written to his counselor three times did Phillips receive the following response:

> Your request for legal materials has been denied. The State of Alabama is not obligated to supply you with legal assistance in order to attack your convictions in the State of Tennessee. You will have to be returned to Tennessee before attacking your convictions.

*Id.* at *2. Less than four months after he was returned to Tennessee but more than four years after his Tennessee conviction became final, Phillips filed a petition for post-conviction relief in Tennessee. The Tennessee trial court ruled that Phillips's petition—filed outside the three-year limitations period—was untimely. The trial court's ruling was affirmed by the Tennessee Court of Criminal Appeals.

Phillips thereafter filed a petition for a writ of habeas corpus in federal court. A panel of this court—over a vigorous dissent by Judge Ryan—affirmed the district court's decision that Phillips established cause to excuse the procedural default that ensued from the untimely filing of his state post-conviction motion. The majority relied on the uncontroverted evidence demonstrating that, while incarcerated in Alabama, Phillips had not only repeatedly requested access to Tennessee legal materials without success but had also been erroneously advised by an Alabama prison official that he would have to wait until his return to Tennessee to attack his convictions in that state.

In Doliboa's case, the magistrate judge and the district court appropriately distinguished *Phillips,* finding that Doliboa, unlike Phillips, not only failed to demonstrate that he took steps to request Ohio legal materials but also failed to demonstrate that he was given erroneous advice by prison officials. To be sure, Doliboa does allege that a lawyer erroneously told his sister that Doliboa should not file with the state supreme court but should instead file a "2255" by himself, but such an

allegation does not support a finding of cause to excuse Doliboa's procedural default. *See Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010) (noting that, where a criminal defendant has no constitutional right to counsel, any poor advice he receives from an attorney cannot establish cause for a procedural default); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (noting that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals).

To establish cause in this case, Doliboa must do more than allege that the federal penitentiary in Indiana lacked Ohio legal materials. Because he has not done so, we find that Doliboa has failed to establish cause for his procedural default. We accordingly **AFFIRM** the district court's judgment.