ORFINGER, J.
Johnathan J. Henry appeals his conviction of burglary of an occupied dwelling. Henry argues that he was denied his constitutionally protected rights to a fair trial and access to the courts when, after electing self-representation, he was given no access to a law library, online legal research materials or some comparable legal resource. We affirm.
The facts of the case are unnecessary for our consideration of the legal issue presented. It is enough to know that the Office of the Public Defender was appointed to represent Henry until he expressed a desire to represent himself, something he informed the court he had done on four previous occasions. The trial court warned Henry about the lack of access to legal research materials in the county jail where he was held, but Henry was unde *959 terred. After a thorough Faretta[1] inquiry, the court allowed the public defender to withdraw and authorized Henry to proceed pro se. However, the court appointed standby counsel. Before jury selection, the court repeated most of its Faretta inquiry, confirmed standby counsel’s presence and again addressed Henry’s concerns about the lack of access to legal research material. Nonetheless, Henry informed the court that he was prepared to go to trial. After jury selection, the court asked Henry if he had any other matters to address. Henry responded, “I think we discussed them this morning. He gave me the witness list anyways. That was all I really wanted. That was my big deal.” The trial proceeded, and things did not go as Henry had hoped, as the jury found him guilty of burglary of an occupied dwelling. The court sentenced him to twenty-five years in prison.
Criminal defendants have a fundamental, constitutional right to adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right “require[s] prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.” Id. at 828 (holding in context of petitioners for postconviction relief). However, while the right of access to the courts does not allow a state to prevent an inmate from bringing a grievance to court, it also does not require the state to enable a prisoner to “litigate effectively.”[2] Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (disclaiming language in Bounds, suggesting otherwise). Thus, it is clear that Bounds did not recognize an abstract, free-standing right to a law library, litigation tools, or legal assistance. Id. at 351.
Neither the United States Supreme Court nor any Florida court has directly addressed the question of whether an incarcerated pretrial defendant, who chooses self-representation, is denied the right of access to the courts when he is not provided access to legal research materials.[3] But, guided by Bounds, many federal circuit courts and state courts have answered this question with a resounding “no,” holding that the offer of counsel to a defendant who then elects instead to proceed pro se, as was the case here, satisfies the state’s obligations under Bounds. See, e.g., Jones v. Armstrong, 367 Fed.Appx. 256, 259 (2d Cir.2010) (holding that discharging appointed counsel waived concerns under Bounds); United States v. Taylor, 183 F.3d 1199, 1204 (10th Cir.1999) (explaining that providing counsel is constitutionally acceptable alternative to prisoner’s demand to access law library); Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir.1996) (holding state is not required to provide law library access to defendant who rejects offer of counsel); United States v. Smith, 907 F.2d 42, 44-45 (6th Cir.1990) (holding *960 defendant’s waiver of counsel also “relinquished his access to a law library” and that to require law libraries for all pro se defendants would “cut against the entire grain of our criminal justice system”); Edwards v. United States, 795 F.2d 958, 961 n. 3 (11th Cir.1986) (“When counsel is offered, the alternative of a library is not mandatory.”); United States ex rel George v. Lane, 718 F.2d 226, 283 (7th Cir.1983) (determining state was not required to offer defendant law library access • once it offered defendant assistance of counsel, which defendant declined); United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982) (explaining that prisoner’s right to self-representation does not include right to conduct research at' government’s expense); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978) (holding obligation to provide access to courts was satisfied by offering defendant assistance of counsel); Myron v. State, 248 Ga. 120, 281 S.E.2d 600, 603 (1981) (holding no error when defendant knew jail library was inadequate, yet repeatedly chose self-representation); State v. Brandt, 135 Idaho 205, 16 P.3d 302, 304 (2000) (“The constitution is not offended when a prisoner is required to choose between court-appointed counsel and proceeding pro se without the state providing legal materials.”); Piper v. State, 770 N.E.2d 880, 884-85 (Ind.Ct.App.2002) (holding state not required to provide' library access to defendant who rejected offer of counsel).
In the case before us, Henry discharged the public defender and elected to proceed pro se, fully aware of the lack of legal research material in the county jail. We agree with the rationale adopted by the federal and state courts cited above, and conclude the State satisfied its obligations under Bounds when it offered Henry counsel.[4]
Still, Henry argues that because the postconviction petitioners in Bounds and Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997), were provided access to legal materials, he should have received access as well. He contends that a pretrial detainee’s need for legal materials is greater than that of a postconviction petitioner. We disagree. The State meets its constitutional obligation by providing “adequate law libraries or adequate assistance from persons trained in the law.” Bounds, 430 U.S. at 828, 97 S.Ct. 1491 (emphasis added). The state is not required to provide both. E.g., Kelsey v. Minnesota, 622 F.2d 956, 958 (8th Cir.1980) (“[A] prison law library is only one means of providing access ... the government need not provide inmates with every possible means....”). Normally, the state can choose the form of assistance. E.g., Lane, 718 F.2d at 231 (“The option rests with the government....”). In Henry’s situation, unlike that of a postconviction petitioner, the Sixth Amendment has predetermined the state’s choice and required the appointment of counsel. Appointed counsel is not generally required in postconviction proceedings. Compare Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding Sixth Amendment requires appointment of counsel in criminal prosecutions), with Sanders v. *961 United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) (declining to require appointment of counsel in postconviction proceedings), and State v. Weeks, 166 So.2d 892, 896 (Fla.1964) (holding no absolute right to postconviction counsel). Once the state offers counsel, it need not offer anything further. E.g., Lane, 718 F.2d at 231; Chatman, 584 F.2d at 1360. Thus, we conclude that Henry’s constitutional rights were not violated.[5] None of the other arguments advanced by Henry have merit.
AFFIRMED.
TORPY, C.J. and COHEN, J, concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Most recently, the Court held that the denial of access to a law library before trial does not provide a basis for a pro se petitioner’s habe-as corpus relief because no Supreme Court case clearly establishes a pro se petitioner’s constitutional right to law library access. Kane v. Garcia Espitia, 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005).

.Generally, cases that confront the issue of a pretrial detainee’s access to legal materials treat this as an "access to courts” issue. However, the few that mention the right to a fair trial conflate the two rights without elaboration. See United States v. Grimes, 641 F.2d 96, 98 (3d Cir.1981). Either way, Henry has not developed his contentions about the fairness of his triál in a way that distinguishes that issue from his access to courts argument.

. The trial court wisely appointed standby counsel, who assisted Henry throughout trial. Several states have held that the appointment of standby counsel ameliorates any potential concerns under Bounds, following a knowing and voluntary election to proceed pro se. See, e.g., State v. Murray, 184 Ariz. 9, 906 P.2d 542, 561 (1995); State v. Fernandez, 254 Conn. 637, 758 A.2d 842, 852-53 (2000); State v. Simon, 297 N.W.2d 206, 209-10 (Iowa 1980); Evans v. State, 725 So.2d 613, 702-04 (Miss.1997); Wilkie v. State, 98 Nev. 192, 644 P.2d 508, 509 (1982); State v. Panzera, 139 N.H. 235, 652 A.2d 136, 139 (1994); Jennings v. State, 4 P.3d 915, 919 (Wyo.2000).

. Even if this Court held that Henry had a right to legal research materials, he would be required to demonstrate sufficient prejudice to warrant reversal. Lewis, 518 U.S. at 349, 116 S.Ct. at 2174; State v. Knight, 866 So.2d 1195, 1207-08 (Fla.2003). That was not done here.