# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.

_____

No. 3D20-1868
Lower Tribunal Nos. 98-5013 & 98-3144B

_____

**Derrick Grantley,**

Petitioner,

vs.

**Clerk of the Circuit Court, Miami-Dade County, Florida,**

Respondent.

A Case of Original Jurisdiction – Mandamus.

Derrick Grantley, in proper person.

Luis G. Montaldo, Chief General Counsel for Harvey Ruvin; and The Reyes Law Firm, P.A., and Israel Reyes and Christopher Reyes, for respondent.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

*UPON CONFESSION OF ERROR*

Petitioner, Derrick Grantley, has filed an application for issuance of a writ of mandamus against respondent, the Clerk of the Courts for Miami-Dade County. Petitioner contends the refusal by respondent to accept his filings below unconstitutionally impairs his fundamental right to access to the courts. See Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."); see also Mitchell v. Moore, 786 So. 2d 521, 525 (Fla. 2001) ("Florida's constitution specifically guarantees a citizen's access to courts.") (citation omitted); Henderson v. Crosby, 883 So. 2d 847, 853 (Fla. 1st DCA 2004) ("Florida access-to-courts provision applies to all types of claims that might be filed by inmates in Florida's courts."). Upon respondent's proper and commendable confession of error, as well as our own independent review of the record, we grant relief.

After petitioner was prohibited by the lower court "from filing future pleadings or documents of any kind . . . pertaining or relating to, or arising out of [his criminal cases] unless signed by a member in good standing of the Florida Bar," this court overturned the proscription. See Grantley v. State, 299 So. 3d 455 (Fla. 3d DCA 2020). Nevertheless, respondent continued to unwittingly reject all papers submitted for filing by petitioner on his own behalf.

"Criminal defendants have a fundamental, constitutional right to adequate, effective, and meaningful access to the courts." Henry v. State, 124 So. 3d 958, 959 (Fla. 5th DCA 2013) (citation omitted). Hence, here, once this court reinstated petitioner's right to file his own papers, respondent was endowed with a ministerial duty to accept all filings. See Musmacher v. McDonough, 969 So. 2d 1101, 1102 (Fla. 1st DCA 2007); Faddis v. Carlton, 626 So. 2d 1122, 1122-23 (Fla. 5th DCA 1993); Outboard Marine Domestic Int'l Sales Corp. v. Fla. Stevedoring Corp., 483 So. 2d 823, 824 n.1 (Fla. 3d DCA 1986). Accordingly, petitioner has demonstrated "a clear legal right to the performance of the act requested, an indisputable legal duty on the part of the respondent, and that no other adequate remedy exists,"[1] and we grant the petition. Turner v. Singletary, 623 So. 2d 537, 538 (Fla. 1st DCA 1993) (citation omitted); see Tucker v. Ruvin, 748 So. 2d 376, 378 n.2 (Fla. 3d DCA 2000). As we are confident respondent will abide by this decision, we withhold the formal issuance of the writ.

Petition granted.

---

[1] Upon this record, it is within the domain of the trial court in the first instance to determine the timeliness of any individual submission. See, e.g., Walker v. State, 661 So. 2d 945 (Fla. 4th DCA 1995). However, petitioner's substantive rights should not be inadvertently thwarted by the actions of respondent. See Ramsey v. State, 965 So. 2d 854, 855 (Fla. 2d DCA 2007).